**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DAVID STEPHENSON,

                                        Plaintiff,

                    - v -                                        Civ. No. 6:09-CV-326
                                                                            (LEK/RFT)

ALBANY COUNTY POLICYMAKERS, *et al.*,

                                        Defendants.

**APPEARANCES:**                                        **OF COUNSEL:**

DAVID STEPHENSON
06-A-3734
Plaintiff, *pro se*
Marcy Correctional Facility
Box 3600
Marcy, New York 13403

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

                    <u>**REPORT-RECOMMENDATION and ORDER**</u>

        The Clerk has sent to the Court a civil rights Complaint (Dkt. No. 1), Motion to Proceed *In

Forma Pauperis* (IFP) (Dkt. No. 2), Motion for Joinder of Claims (Dkt. No. 3), and a Motion to

Appoint Counsel and Conduct Discovery (Dkt. No. 6), filed by *pro se* Plaintiff David Stephenson,

who is currently incarcerated at Marcy Correctional Facility.[1]  In his *pro se* Complaint, Stephenson

alleges civil rights violations based upon, *inter alia*, malicious prosecution, abuse of process,

conspiracy, fraud, invasion of privacy, and attorney malpractice.  For a more complete statement of

Plaintiff's claims, reference is made to the Complaint.

_____

        [1] In 2006, Stephenson filed a civil rights action in this Court, pursuant to 42 U.S.C. § 1983, *Stephenson v. Herrick*, Civ. No. 1:06-CV-1466 (GLS/DRH), which was dismissed by the Court, *sua sponte*, for failure to state a claim upon which relief could be granted.  Stephenson's Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, is also pending in this Court, *Stephenson v. Superintendent*, Civ. No. 9:08-CV-1243 (LEK/RFT).

## I.  DISCUSSION

### A.  Application to Proceed *In Forma Pauperis*

Plaintiff has submitted an *In Forma Pauperis* Application.  The Prison Litigation Reform Act (PLRA), codified in part at 28 U.S.C. § 1915(b), provides that an inmate who seeks *in forma pauperis* status is required to pay over a period of time the full amount of the filing fee provided for in 28 U.S.C. § 1914(a), which is currently $350.00 for most civil actions.  After reviewing Plaintiff's Application, we find that he may properly proceed *in forma pauperis*.

### B.  Allegations Contained in the Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action

for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  In this action, Plaintiff seeks to hold Defendants liable for various alleged constitutional violations, including, but not limited to:

- • conspiracy claims against all Defendants;
- • claims for malicious prosecution and abuse of process against Defendants Mark Haskins, New York State Bureau of Narcotics, P. David Soares, Albany County District Attorney, and Christopher Baynes, Albany County Assistant District Attorney;
- • claims of "undue influence and fraud" against Defendants Haskins, Albany County Task Force, and Albany County Prosecutors;
- • claims of "common law fraud" and attorney malpractice against Defendant F. Stanton Ackerman, his court appointed attorney;
- • invasion of privacy claims against Defendants Haskins, Andrew Zostant, Town of Colonie Police Detective, Steven Heider, Town of Colonie Police Superintendent, and other members of the Albany County Task Force for interfering with Plaintiff's expectation of privacy and private communications without probable cause; and
- • what appears to be a *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978), claim against Albany County for various policies and customs.

*See generally* Compl.

The initial impediment to Plaintiff's pursuit of this action is aptly summarized in Plaintiff's Complaint: "The Plaintiff has a pending Federal Habeas Corpus Petition in the Northern District of New York Federal Court, Case No. 9:08-CV-1243.  **This 1983 action and complaint is intended**

*-3-*

**to supplement that Petition, as these claims for money damages are relevant to the same set of facts.**" Compl. at ¶ 17 (emphasis added). Indeed, as Plaintiff overtly admits, this entire § 1983 action (including state claims for malpractice and fraud) relates to events leading up to and including his guilty plea and sentence in Albany County Court in 2006.[2] The Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff's claims in this action are barred because he has failed to show that his conviction or sentence has been overturned. *See Duamutef v. Morris*, 956 F. Supp. 1112, 1115-18 (S.D.N.Y. 1997) (dismissing § 1983 claims of malicious prosecution, false arrest, perjury, retaliation, and civil rights conspiracy under *Heck* where the plaintiff's underlying conviction had not been overturned). Because all of Plaintiff's claims relate to events that gave rise to Plaintiff's conviction and the sentence he is currently serving, many of which are currently interposed in his pending *Habeas Corpus* Petition,[3] this action is barred under *Heck* and we recommend dismissal pursuant to 28

---

[2] A similar *fait accompli* vanquished Stephenson's prior attempt to sue various individuals in this Court, *Stephenson v. Herrick, et al.*, Civ. No. 1:06-CV-1466 (GLS/DRH). Upon information and belief, the core events giving rise to Stephenson's prior § 1983 action are the same events giving rise to the current action. That prior civil rights action was dismissed in light of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Stephenson v. Herrick, et al.*, Civ. No. 1:06-CV-1466, Dkt. No. 9, Decision and Order, dated Mar. 8, 2007.

[3] Stephenson raises the following grounds, *inter alia*, in support of his *Habeas* Petition:
1) he was denied equal protection and due process in state court when he was denied, *inter alia*, a grand jury and was subjected to an insufficient accusatory process and was victim of an illegal search and seizure;
2) he was a victim of selective prosecution and "Mode of Proceedings error"; and
3) his guilty plea was unknowing and unintelligent due to ineffective assistance of counsel.
*Stephenson v. Superintendent*, Civ. No. 9:08-CV-1243 (LEK/RFT), Dkt. No. 1, Pet.

U.S.C. § 1915(e)(2)(B)(i) and (ii) as it lacks an arguable basis in law.  We note that this recommendation is limited to all § 1983 claims asserted by Plaintiff.  Plaintiff has also inserted some state law claims sounding in fraud and attorney malpractice.  It is not clear whether Plaintiff intended to assert these claims in support of his § 1983 claims, or if he intended them to stand on their own, thereby invoking the Court's pendent jurisdiction to entertain state law claims.  To the extent they are part and parcel of the § 1983 claims, then they too suffer the same infirmity and are barred by *Heck*.  To the extent, however, that they are purely state law claims, in light of this Court's recommendation of dismissal of the federal claims, we would recommend the Court not exercise pendent jurisdiction of such state law claims, pursuant to 28 U.S.C. § 1367, which authorizes a federal court to decline to exercise supplemental jurisdiction over a state claim if all of the claims over which the court had original jurisdiction were dismissed.  28 U.S.C. § 1367(c)(3).

### C.  Other Pending Motions

Presently pending in this matter are Plaintiff's Motions for Joinder of Claims, Appointment of Counsel, and to Conduct Discovery.  In light of the Court's recommendation of full dismissal, we find it unnecessary at this juncture to adjudicate such claims.  Should the District Judge assigned to this matter accept this recommendation, such Motions would be automatically terminated upon the closing of this case.  If, however, the recommendation is not accepted, the Clerk shall forward this file to the undersigned for consideration of these Motions.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915 and §

1915A, Plaintiff's entire Complaint be should be **dismissed** as barred by *Heck v. Humphrey*, 512

U.S. 477, 486-87 (1994), and the Court should decline to exercise pendent jurisdiction over any

purported state claims pursuant to 28 U.S.C. § 1367(c)(3); and it is further

       **ORDERED**, that in the event the District Court does not adopt the above recommendation,

the entire file be returned to the undersigned for consideration of Plaintiff's other Motions (Dkt.

Nos. 3 & 6); and it is further

       **ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on

Plaintiff by regular mail.

       Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written

objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE</u>**

**<u>APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y*

*of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R.

CIV. P. 72, 6(a), & 6(e).

Date:    August 14, 2009
          Albany, New York

_____

RANDOLPH F. TREECE
United States Magistrate Judge