UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID STEPHENSON,

                Plaintiff,

    -against-                                    6:09-CV-0326 (LEK/RFT )

ALBANY COUNTY
POLICYMAKERS, et al.,

                Defendants.

## DECISION AND ORDER

### I. BACKGROUND

Plaintiff *pro se* David Stephenson ("Plaintiff"), who is currently incarcerated at Marcy Correctional Facility, filed the above-captioned action alleging civil rights violations based upon, *inter alia*, malicious prosecution, abuse of process, conspiracy, fraud, invasion of privacy, and attorney malpractice. Complaint (Dkt. No. 1). Plaintiff subsequently filed an Application to proceed *in forma pauperis* (Dkt. No. 2), a Motion for joinder of claims (Dkt. No. 3), and a Motion to appoint counsel and conduct discovery (Dkt. No. 6). On September 8, 2009, this Court addressed these Motions and dismissed the above-captioned action without prejudice. Order (Dkt. No. 9); Judgment (Dkt. No. 10). Presently before the Court is Plaintiff's Motion for reconsideration of that Order. Motion (Dkt. No. 11).

### II. DISCUSSION

**A.    Standard of Review**

1

A motion for reconsideration may be granted based on one of three possible grounds: (1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. In re C-TC 9th Ave. P'ship, 182 B.R. 1, 3 (N.D.N.Y. 1995); Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) ("A movant for reconsideration bears the *heavy burden* of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice") (emphasis added); Doe v. New York City Dept. of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983). "[A] motion for reconsideration should not be granted when the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). None of the three circumstances required to support a motion for reconsideration are present here.

**B.     Analysis**

Plaintiff "would like a reconsideration of [the] decision to dismiss [his] 28 U.S.C. § 1983 Cause of Actions, rendered on September 8 , 2009 . . . in light of the evidence . . . attached" to the Motion. Motion at 1. Attached to the Motion is a copy of Plaintiff's "State of New York Department of Correctional Services Temporary Release Program Work Release Application," which indicates that Plaintiff was convicted of a "sex related" crime. Id. at 2. This, however, is not sufficient to warrant the granting of Plaintiff's Motion for reconsideration. The fact that Plaintiff committed a "sex related" crime is not new evidence nor is it relevant to this Court's reason for dismissing the above-captioned action. See generally Order at 4 ("Plaintiff's claims in this action are barred because he has failed to show that his conviction or sentence has been overturned."). Plaintiff does not cite to any intervening change of law warranting reconsideration. Instead,

Plaintiff seeks to relitigate an issue previously decided by this Court.

Although not explicitly, Plaintiff may be alleging that there was a clear error of law or manifest injustice warranting the granting of his Motion. This Court reiterates that a motion for reconsideration is not an opportunity for the Plaintiff to get two bites of the apple and relitigate this issue. Shrader, 70 F.3d at 257. By reiterating the facts that this Court has already considered and summarily asserting that he "would like reconsideration," Plaintiff has failed to sustain his heavy burden of demonstrating that reconsideration is warranted.

### III.   CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for reconsideration (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:     October 02, 2009
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge